**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GUSTE HOMES RESIDENT MANAGEMENT CORPORATION** | **CIVIL ACTION** |
| **v.** | **NO: 26-1146** |
| **HOUSING AUTHORITY OF NEW ORLEANS** | **SECTION: C (5)** |

## ORDER AND REASONS

Before the court is <u>Plaintiff Guste Homes Resident Management Corporation's Emergency Motion for Temporary Restraining Order, Preliminary Injunction, Preservation of Status Quo, Accounting, Expedited Hearing, and Related Equitable Relief</u> filed on June 10, 2026 (R. Doc. 6). Plaintiff's request for a temporary restraining order is DENIED.

## BACKGROUND

This action arises from a dispute over management control of public housing developments in New Orleans. Defendant, Housing Authority of New Orleans (HANO), and its subsidiary, own the Guste Homes Development. HANO entered management agreements with plaintiff, Guste Homes Resident Management Corporation (GHRMC), to manage the development. Citing issues with that management, HANO moved to terminate for convenience effective July 1, 2026 the agreements with GHRMC. In response, GHRMC sued.

1

GHRMC has operated and managed the Guste developments for years pursuant to resident-management agreements with HANO. GHRMC submits that in managing the Guste developments it dealt with severe infrastructure issues, which were not within GHRMC's power to fix. Rather, these issues required approval and funding from HANO. GHRMC requested funding but it was withheld. GHRMC claims it sought accounting information regarding HANO's handling of funds but, instead, HANO issued notices to terminate GHRMC's management. GHRMC argues HANO created or materially worsened the conditions it now uses as justification for terminating GHRMC's management. Thus, GHRMC seeks a temporary restraining order to prevent termination.

ANALYSIS

Temporary restraining orders and preliminary injunctions are extraordinary forms of relief and require plaintiffs to carry an onerous burden. *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, 2020 WL 10486334, at *3 (E.D. La. Oct. 16, 2020). Temporary restraining orders function to preserve the status quo by preventing irreparable harm until the preliminary injunction hearing. *Id*. (citing *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974)).

To obtain a temporary restraining order, the movant must establish the following four elements: (1) a substantial likelihood of prevailing on the merits, (2)

2

a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted, and (4) the injunction will not disservice the public interest. *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). A temporary restraining order is not warranted when the movant fails to demonstrate irreparable injury. *See, e.g., Sanders v. Nat'l Missionary Baptist Covention of Am.*, 2012 WL 12874264, at *1 (E.D. La. Oct. 3, 2012).

GHRMC argues that HANO, rather than exercising contractual oversight, "actively attempted to: weaken GHRMC operationally; undermine resident confidence; impair leasing and occupancy efforts; intensify administrative pressure; publicly discredit GHRMC; and then use the resulting instability as justification for takeover."[1] The argument continues that absent injunctive relief, GHRMC will likely be displaced before these claims are adjudicated. Thus, it asks for a temporary restraining order prohibiting HANO from transferring operational control or interfering with GHRMC's operations.

GHRMC has failed to show that a temporary restraining order is appropriate under the substantive law. First, GHRMC has not demonstrated a substantial likelihood of prevailing on the merits. This is a contract dispute. HANO claims it terminated the management agreements for convenience, in accordance with their

---

[1] R. Doc. 6.1, Page 22

terms. Notably, it is undisputed that each contract allows for termination for convenience. The Guste I Management Agreement, Section 4.1 states:

> Termination for Convenience. During the Term, Owner [Guste I, LLC] may terminate this Agreement, in whole or in part, with consent of the Investor Member [MMA Guste I, LLC], whenever Owner determines that such termination is in the best interest as a result of the loss of funding.[2]

The Guste II Management Agreement, Section 5.6 states:

> Termination for Convenience. HANO may terminate this Agreement in whole or in part for convenience at any time, providing an explanation as to why the contract is being terminated.[3]

The Guste III Management Agreement, Section 2.2.7 states:

> Termination for Convenience. Owner [Guste Homes III, LLC] may, and/or HANO may require Owner to, terminated this Agreement, in whole or in part, with the consent of the Investor Member, whenever Owner or HANO determines that such termination is in the Owner's best interest as a result of the loss of funding.[4]

GHRMC's rights relative to the properties stem solely from these management agreements. GHRMC argues HANO is terminating the agreements in bad faith. HANO responds that termination is "due to increased vacancies and deferred maintenance, increased operating costs, lack of financial accountability, and concern for the quality of life at the Guste Homes Development."[5]

---

[2] R. Doc. 15-1, Page 6
[3] R. Doc. 15-1, Page 7
[4] R. Doc. 15-1, Page 7
[5] R. Doc. 15-1, Page 3

HANO has documented legitimate issues with GHRMC's management. Particularly, HANO provided a declaration of Magdalena Merrill, Senior Director of Asset Management, Development & Modernization for HANO, who testified that "since at least January 2023, there have been significant problems associated with GHRMC's management of the Guste Homes development that have caused losses in HANO's funding."[6] She further testified that from January 2023 to December 2024, GHRMC received $2,808,239.00 from HANO to operate the Guste development. GHRMC also received reimbursements from HANO in the amount of $2,675,241.00 for various property expenses, including the replacement of building systems, capital repairs, unit repairs, and preparation for inspections by the U.S. Department of Housing and Urban Development (HUD). Despite these payments, HANO claims it was required to pay additional bills and expenses for GHRMC.[7] Notably, on June 10, 2026, HUD issued a report regarding the Guste development that identified management issues and directed HANO "to take immediate and sustained action to address the deficiencies" identified in the report.[8]

From the record presented, it appears the management contracts with GHRMC permit termination for convenience. HANO submitted evidence to support its actions. Temporary restraining orders are extraordinary relief and rarely issued.

---

[6] R. Doc. 15-1, Page 3
[7] R. Doc. 15-1, Page 3-4
[8] R. Doc. 15-1. Page 7-8

5

*Telfair v. Select Portfolio Servicing, Inc.*, 2026 WL 516867, at *3 (E.D. La. 2/25/26).

GHRMC has not shown a substantial likelihood of prevailing on the merits, which

would entitle it to this extraordinary relief.

Additionally, GHRMC has failed to show a substantial threat of irreparable

harm. If HANO wrongfully terminates the agreements, GHRMC's management will

be interrupted while this suit proceeds. Upon completion of the suit, if successful,

GHRMC can seek resumption of management and receive compensatory damages

to make it whole. An injury is not irreparable if it can be remedied with money.

*Enterprise Intern., Inc. v. Corpracion Estatal Petrolera Ecuatoriana*, 762 F.2d 464,

472 (5th Cir. 1985). The fact that compensatory or other corrective relief will be

available at a later date weighs heavily against irreparable harm. *Id*. GHRMC failed

to show irreparable harm.

## CONCLUSION

IT IS ORDERED that the Motion for a Temporary Restraining Order is

DENIED.

IT IS FURTHER ORDERED that a telephone status conference is set for

July 7, 2026 at 10 a.m. to discuss further scheduling in the case. The call-in

number is 571-353-2301. The guest call ID is 652832590.

IT IS FURTHER ORDERED that the Emergency Motion to Expedite

Consideration of Plaintiff's Motion for Temporary Restraining Order and to

Establish Briefing Schedule for Preliminary Injunction filed on June 11, 2026 (R.

Doc. 10) is denied as moot.

New Orleans, Louisiana this __30th__ day of June 2026

_____

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE